O

JS6

**Remand to LASC, Case No. 19STCV19564**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARA SITU, an individual, | CV 19-5846-RSWL-AGRx |
| Plaintiff, | |
| v. | **ORDER re: Plaintiff's Motion to Amend Complaint** [11]**; and Plaintiff's Motion to Remand** [12]**; Defendants Wu and You's Motion to Dismiss** [10] |
| AMERICAN FIRST NATIONAL BANK; HENRY WU, an individual; JOANNE YOU, an individual; and DOES 1 through 25, inclusive, | |
| Defendants. | |

Currently before the Court Plaintiff Sara Situ's ("Plaintiff") Motion to Amend the Complaint [11] and Motion to Remand [12]; and Defendants Henry Wu ("Wu") and Joanne You's ("You") Motion to Dismiss [10]. Having reviewed all papers submitted pertaining to these Motions, the Court **NOW FINDS AND RULES AS**

**FOLLOWS:** the Court **GRANTS** Plaintiff's Motion to Amend; GRANTS Plaintiff's Motion to Remand; and **DENIES as MOOT** Defendants Wu and You's Motion to Dismiss.

**I. BACKGROUND**

**A.** <u>Factual Background</u>

Plaintiff began working for AFNB on March 1, 2016. Notice of Removal, Ex. 9, Compl. ¶ 8, ECF No. 1-9. Plaintiff was assigned to work at the City of Industry branch under Peter Lam ("Lam"), the Executive Vice President and California Regional Manager. <u>Id.</u> ¶ 10. In April 2018, Plaintiff was assigned to also work at AFNB's Alhambra branch location under the supervision of Lan Fong ("Fong"). <u>Id.</u> ¶ 11. Plaintiff reported to the Alhambra branch approximately three times a week, and the City of Industry branch twice a week. <u>Id.</u> ¶ 12.

Beginning in August 2018, Plaintiff began suffering from adjustment disorder, anxiety, and depression. <u>Id.</u> ¶ 12. On or about October 23, 2018, Plaintiff's treating physician placed her on medical leave from October 25, 2018, to November 9, 2018. <u>Id.</u> ¶ 13. On or about October 24, 2018, Plaintiff reported to work to inform her supervisor, Fong, of her doctor's request for medical leave. <u>Id.</u> ¶ 14. Fong allegedly expressed his dissatisfaction with Plaintiff's request, asked for details and grounds for medical leave, and asked to see the doctor's note. <u>Id.</u> On or about November 7, 2018, Plaintiff's doctor extended her medical leave to

2

December 7, 2018. Id. ¶ 15. While on leave, Plaintiff remained in contact with AFNB's Human Resources Department, and provided their representative, You, with updates and doctor notes. Id. ¶ 16.

Plaintiff's doctor again extended her medical leave to January 11, 2019. Id. ¶ 17. When Plaintiff returned to work the following day, her co-workers seemed surprised to see her, and after being unable to reach You, Plaintiff left a message informing of her return. Id. ¶¶ 18, 19. Plaintiff did not receive a message from anyone from Human Resources, and later that day, she discovered a new employee had been allegedly hired to replace her while she was on medical leave. Id. ¶¶ 20, 21. Plaintiff alleges that her office keys no longer worked, and that another employee, Simon Lin ("Lin"), informed her that he was instructed to change the locks and take her keys from her. Id. ¶ 22. Plaintiff again tried to reach Human Resources and You told her she would get back to her.

Plaintiff alleges that AFNB did not give her any work to do on January 14 or 15, and that on January 16, 2019, Lin told Plaintiff that AFNB's chairman, Wu, had asked for Plaintiff to call him. Id. ¶¶ 24, 25. Plaintiff called Wu, who informed her that she was terminated because she was "no longer needed." Id. ¶ 26. Plaintiff alleges that Wu offered Plaintiff a severance package with only one month pay, and after Plaintiff did not respond, he offered her two months'

pay. Id. Later that day, Plaintiff was told by You that Wu asked for Plaintiff to sign a resignation letter. Id. ¶ 27. Plaintiff protested and made clear that she was not resigning. Id. Plaintiff claims that she received several more calls from You pressuring her to resign, offering two months' pay in exchange, and that this contact continued for several days. Id. ¶ 28.

**B.  Procedural Background**

Plaintiff filed her Complaint in Los Angeles Superior Court on June 4, 2019 [1-9] alleging various violations of the Fair Employment and Housing Act ("FEHA"): (1) disability discrimination; (2) failure to engage in the interactive process; (3) failure to provide reasonable accommodations; (4) harassment; (5) failure to prevent discrimination, harassment, and retaliation; and (6) wrongful termination in violation of public policy. On July 8, 2019, Defendants removed the Action to this Court [1]. On July 11, 2019, Defendants Wu and You filed the instant Motion to Dismiss [10]. On July 18, 2019, Plaintiff filed the instant Motion to Amend the Complaint [11] to add additional facts related to Lan Fong and to add him as a Defendant. Also on July 18, 2019, Plaintiff filed the instant Motion to Remand [12].

**II. DISCUSSION**

**A.  Legal Standard**

1.  Leave to Amend

4

Pursuant to 28 U.S.C. § 1447(e), "if after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." The "decision regarding joinder of a diversity destroying defendant is left to the discretion of the district court." Newcombe v. Adolf Coors Co., 157 F.3d 686, 691 (9th Cir. 1998).

Under Section 1447(e) courts consider the following factors: "(1) whether the party sought to be joined is needed for just adjudication and would be joined under Federal Rule of Civil Procedure 19(a); (2) whether the statute of limitations would prevent the filing of a new action against the new defendant in state court; (3) whether there has been an unexplained delay in seeking to join the new defendant; (4) whether plaintiff seeks to join the new party solely to defeat federal jurisdiction; (5) whether denial of the joinder would prejudice the plaintiff; and (6) the strength of the claims against the new defendant. See Boon v. Allstate Ins. Co., 229 F. Supp. 2d 1016, 1020 (C.D. Cal. 2002) (citing Clinco v. Roberts, 41 F. Supp. 2d 1080, 1082 (C.D. Cal. 1999)).

2. Remand

Civil actions may be removed from state court if a federal court has original jurisdiction. See Syngenta Crop Prot., Inc. v. Henson, 123 S. Ct. 366, 370 (2002)

("Under the plain terms of § 1441(a), in order properly to remove [an] action pursuant to that provision, . . . original subject-matter jurisdiction [must] lie[] in the federal courts."). Diversity jurisdiction exists in all civil actions between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332. There must be complete diversity of citizenship, meaning "each of the plaintiffs must be a citizen of a different state than each of the defendants." Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001) (citing Caterpillar Inc. v. Lewis, 117 S. Ct. 467, 472 (1996)). Federal question jurisdiction exists in "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

"The burden of establishing jurisdiction falls on the party invoking the removal statute, which is strictly construed against removal." Sullivan v. First Affiliated Sec., Inc., 813 F.2d 1368, 1371 (9th Cir. 1987) (internal citations omitted). Courts resolve all ambiguities "in favor of remand to state court." Hunter v. Philip Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009) (citing Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992)). A removed case must be remanded "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447©.

///
///

**B. Discussion**

    1. <u>Plaintiff's Motion for Leave to Amend</u>

Plaintiff seeks leave to amend her Complaint to add Fong as a defendant in this Action to all of Plaintiff's claims under FEHA, Cal. Gov't Code § 12940 *et. seq*. Specifically, Plaintiff seeks amendment to add the following additional facts regarding Fong:

> Plaintiff became increasingly stressed at work because of Fong's management. Plaintiff excelled in her position and was able to handle her job duties with little to no supervisor. Despite Plaintiff's 20 years of experience, Fong repeatedly interfered with Plaintiff's work and customers and micromanaged Plaintiff's assignments, even requiring Plaintiff to report everything she did to Fong. Plaintiff also became increasingly stressed by Fong after Fong repeatedly forced Plaintiff to use a flawed underwriting system that created confusion and frustration amongst employees and customers.

FAC ¶ 14, ECF No. 11-2.

> On, or around, October 24, 2018, Plaintiff reported to work and provided her doctor's note requesting medical leave to First National and then informed her supervisor, Lan Fong. Fong expressed his dissatisfaction with Plaintiff's request for medical leave. Fong then demanded that Plaintiff give Fong details about her medical condition and grounds for her medical leave. Plaintiff refused to tell Fong her private medical issue. Fong again demanded that she know Plaintiff's medical condition, even threatening to deny Plaintiff's medical leave if Plaintiff did not tell Fong what the medical condition was. Plaintiff repeatedly refused to disclose her condition. Fong became increasingly upset with Plaintiff. Fong eventually demanded that she see Plaintiff's doctor's note. Plaintiff complied and provided her doctor note to Fong.

FAC ¶ 17. This Action is before the Court on diversity jurisdiction, as Plaintiff is a California resident, Defendant AFNB is a Texas corporation, and Defendants You and Wu are both residents of Texas. Notice of Removal 3:20-4:13, ECF No. 1. Plaintiff brings this Motion to Amend to add Fong, a California resident, as a defendant. Declaration of Yalda Satar ISO Mot. to Amend ("Satar Decl.") ¶ 9(b), ECF No. 11-1. Because Plaintiff brings this Motion post-removal to add a defendant that would destroy diversity, the Court addresses the 28 U.S.C. § 1447(e) factors in turn below.

        a. *Necessary Party*

Rule 19(a) provides that joinder is required if, in the absence of the person, "the court cannot accord complete relief among the parties" or if that person "claims an interest relating to the subject of the action and is so situated" that proceeding without the person would "impair the person's ability to protect the interest," thus leaving that party susceptible to multiple, or inconsistent obligations. While courts consider the standard set forth under Rule 19 in determining whether to permit joinder under section 1447(e), "amendment under § 1447(e) is a less restrictive standard than for joinder under [Rule 19]." Mkrtchian v. AT&T Mobility Servs., LLC, No. LACV 16-09102-VAP (AJWx), 2017 WL 2957931, at *2 (C.D. Cal. July 7, 2017) (citing IBC Aviation Services, Inc. v.

Compania Mexicana de Aviacion, S.A. de C.V., 125 F. Supp. 2d 1008, 1011-12 (N.D. Cal. 2000)). "The standard is met when failure to join will lead to separate and redundant actions," but it is not met when "defendants are only tangentially related to the cause of action or would not prevent complete relief." Id. at 1012.

Here, Plaintiff alleges Fong made Plaintiff "increasingly stressed" at work by, among other things, micromanaging her work and repeatedly demanding details of Plaintiff's medical conditions to the point where he threatened to deny Plaintiff's medical leave if she did not tell him. FAC ¶¶ 14, 17. This alleged conduct bears more than a tangential relationship to this Action. Disallowing amendment to add Fong would thus hinder Plaintiff from asserting her rights against employees directly involved in this Action, as it would require "inefficient, duplicative litigation in two separate fora." See, Fonseca, 2019 WL 2903960, at *2 (citing IBC Aviation, 125 F. Supp. 2d at 1012). The Court thus finds that this factor favors amendment.

        b. *Statute of Limitations*

The next factor is whether the statute of limitations would affect a plaintiff's ability to bring a separate suit against the new party. Clinco, 41 F. Supp. 2d at 1083. Plaintiff has not given any indication that her claims would be barred by a statute of limitations, and as such, this factor weighs against

amendment.

///

c. *Timeliness*

The Court must also consider whether there was undue delay in adding the non-diverse party. Clinco, 41 F. Supp. 2d at 1083. Plaintiff filed her Complaint in state court on July 8, 2019. Defendants removed this Action on July 9, 2019, and Plaintiff filed her Motion to Amend to add Fong as a defendant on July 18, 2019, after first seeking, unsuccessfully, Defendants' stipulation to the requested amendment. This case is thus in its infancy as it was filed about a month ago. Given that the instant Motions are the first to be filed in this case, and that discovery has yet to begin, the Court finds that there was not undue delay following removal. See Forward-Rossi v. Jaguar Land Rover North America, LLC, No. 2:16-cv-00949-CAS (Ksx), 2016 WL 3396925, at *3 (C.D. Cal. June 13, 2016) (holding that delay of four months after action was removed was not unreasonable); see also Yang v. Swissport USA, Inc., No. C 09-03823 SI, 2010 WL 2680800, at *4 (N.D. Cal. July 6, 2010) (granting plaintiffs' motion to amend filed nine months after removal where "no dispositive motions have been filed, and the discovery completed thus far [would] be relevant whether the case is litigated in [federal] court or state court"). As such, this factor weighs in favor of granting leave to amend.

///

///

### d. *Motive for Joinder*

"[T]he motive of a plaintiff in seeking the joinder of an additional defendant is relevant to a trial court's decision to grant the plaintiff leave to amend his original complaint." Clinco, 41 F. Supp. 2d at 1083. "Motive is particularly important in removal jurisdiction cases where the consequences of joining a new defendant may defeat the court's jurisdiction." Boon v. Allstate Ins. Co., 229 F. Supp. 2d 1016, 1023 (C.D. Cal. 2002). However, "[s]uspicion of diversity destroying amendments is not as important now that § 1447(e) gives courts more flexibility in dealing with the addition of such defendants." Mkrtchian, 2017 WL 2957931, at *3 (internal citations omitted).

Courts consider three factors when analyzing motive within this context: (1) whether the plaintiff was aware of the removal at the time of amendment; (2) whether the plaintiff's amendment contains only minor changes to the original complaint; and (3) whether the plaintiff has provided an explanation for its delay in asserting claims against the non-diverse defendant. San Jose Neurospine v. Cigna Health & Life Ins. Co., No. 16-CV-05061-LHK, 2016 WL 7242139, at *10-11 (N.D. Cal. Dec. 15, 2016).

Here, Defendants argue that the timing and substance of Plaintiff's proposed amendments

demonstrate that her sole motivation is to destroy diversity jurisdiction. Indeed, Defendants removed the Action on July 8, 2019, and within four days, on July July 18, 2019, Plaintiff filed her Motion to Amend the Complaint. Defendants further point out that when Plaintiff filed her original Complaint, without Fong, she believed that Wu and You were California residents. See Compl. ¶¶ 3-4. Fong was already a part of the narrative in Plaintiff's original Complaint, in which Plaintiff identified him as her supervisor and alleged that he "expressed dissatisfaction with Plaintiff's request for medical leave" and asked to see her doctor's note. Compl. ¶¶ 11, 14. The proposed FAC merely expands upon this allegation in the from of two paragraphs, adding that Plaintiff became "increasingly stressed at work" because of Fong and his management, and also adding that he threatened to deny her medical leave if she did not provide the details of her medical condition. FAC ¶¶ 14, 17. In evaluating the differences between the original Complaint and Plaintiff's proposed FAC, the changes are minor, lending to an inference of improper motive. San Jose Neurospine, 2016 WL 7242139, at *10 ("[C]ourts have inferred an improper motive where the plaintiff's proposed amended complaint contains only minor or insignificant changes to the original complaint.") (quoting Forward-Rossi, 2016 WL 3396925, at *4).

Plaintiff claims that following Defendants'

removal, Plaintiff's counsel contacted Plaintiff to confirm Wu and You's residence and it was only then that additional information related to Fong and a hostile work environment was discovered. However, this neglects to explain why this information was not discovered before the original Complaint was filed. Because Fong was included in the original Complaint, Plaintiff was at least aware of Fong's role and involvement at that time yet did not include him as a defendant.

Taken together, these factors suggest an improper motive to destroy diversity. Accordingly, this weighs against allowing amendment.

    e. *Prejudice to Plaintiff*

The next factor considers whether Plaintiff will suffer undue prejudice if joinder is denied. Boon, 229 F. Supp. 2d at 1025. While AFNB remains as a defendant and potential source of recovery for Plaintiff, "[c]ourts have found significant prejudice where claims against proposed non-diverse defendants are so intimately connected to those against an original defendant that denial of joinder would force a plaintiff to choose whether to pursue redundant litigation in another forum at the risk of inconsistent results, or forego valid claims against the non-diverse defendants." Mkrtchian, 2017 WL 2957931 at *4 (internal citations omitted); see also Yenokian v. BMW of North America, LLC, No. CV 18-4897 JFW (RAOx), 2018

13

WL 6177230, at *4 (C.D. Cal. Oct. 19, 2018) (allowing amendment in part because "to pursue parallel actions that involve claims that arise out of the same factual occurrence would require significant time and expense, thereby prejudicing Plaintiff").

As already discussed, the claims against Fong arise out of the same factual occurrence and it would prejudice Plaintiff to pursue parallel actions. This is particularly so in light of the fact that discovery has not yet begun, and as such, allowing amendment will not prejudice Defendants. See IBC Aviation, 125 F. Supp. 2d at 1013 (finding denying amendment will require redundant litigation "while allowing amendment will not prejudice [d]efendants as discovery as not yet begun"). Accordingly, this factor weighs in favor of allowing amendment.

f. *Strength of the Claim*

The existence of a facially valid claim against the non-diverse party weighs in favor of permitting joinder. Forward-Rossi v. Jaguar LandRover N. Am., LLC, No. 216-CV-00949-CAS-KSX, 2016 WL 339625, at *4 (C.D. Cal. June 13, 2016) (citation omitted). Plaintiff proposes to bring all six FEHA claims from her original Complaint against Fong: (1) disability discrimination; (2) failure to engage in the interactive process; (3) failure to provide reasonable accommodations; (4) harassment; (5) failure to prevent discrimination, harassment, and retaliation; and (6)

14

wrongful termination in violation of public policy.

Defendants argue that Plaintiff cannot present a viable claim against Fong because, as a supervisor acting on behalf of his employer, he cannot be held personally liable for the decision to terminate Plaintiff as an employee. However, not all of Plaintiff's claims are predicated on her alleged wrongful termination. Plaintiff's fifth cause of action for harassment claims that she suffered "humiliation, embarrassment, mental anguish, nervousness, anxiety, depression, and severe emotional distress" due to her work environment, that Plaintiff now alleges Fong contributed to. Compl. ¶¶ 75-78.

FEHA prohibits harassment of an employee. Cal. Gov't Code § 12940(j)(1). "To establish a claim for harassment, a plaintiff must demonstrate that: (1) she is a member of a protected group; (2) she was subjected to harassment because she belonged to this group; and (3) the alleged harassment was so severe that it created a hostile work environment." Lawler v. Montblanc North America, LLC, 704 F.3d 1235, 1244; see also Thompson v. City of Monrovia, 186 Cal. App. 4th 860, 876 (2010). The plaintiff must further show a "concerted pattern of harassment of a repeated, routine or a generalized nature." Lawler, 704 F.3d at 1235 (citation omitted).

Here, Plaintiff alleges that beginning in August

15

2018, she began suffering from adjustment disorder, anxiety, and depression. FAC ¶ 15. Plaintiff claims that when she came to work on October 24, 2018 and informed Fong of her request for medical leave, Fong demanded details of her condition, and continued to demand such information after she refused to divulge the details. FAC ¶ 17. Plaintiff further alleges that Fong threatened to deny Plaintiff medical leave if she did not tell him the details, and after "repeatedly refus[ing] to disclose her condition," "Fong became increasingly upset with Plaintiff". Id. Plaintiff also claims that she became "increasingly stressed at work" because of Fong's management, despite her twenty years of experience and that she "excelled in her position and was able to handle her job duties with little to no supervis[ion]". Id. ¶ 14.

Plaintiff's allegations that Fong "repeatedly interfered" with her work, "micromanaged" her assignments, and required her to "report everything she did to Fong" lend towards Fong's management within the scope of his employment and are generally not considered to be harassing conduct. Compl. ¶ 14; see Lawler, 704 F.3d at 1244 (explaining that a harassment claim "consists of actions outside the scope of job duties which are not of a type necessary to business and personnel management," and do not include "actions such as hiring and firing, job or project assignments, . . . promotion or demotion, and performance

evaluations . . . ."). However, the allegations that Fong repeatedly demanded to know the details of Plaintiff's medical conditions and threatened her medical leave as an attempt to force Plaintiff to divulge such details are outside the scope of job duties, and Defendant fails to demonstrate that such facts could not pose a legitimate harassment claim.

Thus, at this stage, the Court cannot say that Plaintiff has no possible harassment claim against Fong based upon the proposed alleged facts. See Good v. Prudential Ins. Co. of Am., 5 F. Supp. 2d 804, 807 (N.D. Cal. 1998) ("[T]he defendant must demonstrate that there is no possibility that the plaintiff will be able to establish a cause of action in [s]tate court against the alleged sham defendant."). Defendant fails to demonstrate that Plaintiff does not have a facially legitimate claim against Fong, and "[w]here one of the proposed claims appears to have merit, the Court need not address the others." Mkrtchian, 2017 WL 2957931, at *4 (citation omitted). As such, this factor weighs in favor of allowing amendment.

In sum, while the motive for joinder does not weigh in favor of allowing amendment, the Court finds that the majority of factors do favor amendment and exercise discretion under Section 1447(e) to permit Plaintiff to add Fong as a defendant in this Action. As such, the Court **GRANTS** Plaintiff's Motion to Amend.

    2.   <u>Plaintiff's Motion to Remand</u>

This case is before the Court on the basis of diversity jurisdiction. As discussed above, the Court granted Plaintiff's Motion to Amend her Complaint to add Fong as a defendant. Because both Fong and Plaintiff are California residents, the Court no longer has complete diversity. Accordingly, the Court lacks subject matter jurisdiction and **GRANTS** Plaintiff's Motion to Remand. Because the Court finds that it no longer has subject matter jurisdiction, the Court does not reach the merits of Defendant Wu and You's Motion to Dismiss. Accordingly, the Court **DENIES as MOOT** Defendant Wu and You's Motion to Dismiss.

### III. CONCLUSION

Based on the foregoing, the Court **GRANTS** Plaintiff's Motion to Amend; **GRANTS** Plaintiff's Motion to Remand; and **DENIES as MOOT** Defendant Wu and You's Motion to Dismiss. This case is remanded to the Los Angeles County Superior Court, Case No. 19STCV19564. The clerk shall close this case.

**IT IS SO ORDERED.**

DATED: August 20, 2019        s/ RONALD S.W. LEW

                                        **HONORABLE RONALD S.W. LEW**
                                        Senior U.S. District Judge